UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMEL H. BROWN,                          )
                                         )
                   Petitioner,           )
                                         )
          v.                             )          No. 1:26-cv-01092-SEB-MJD
                                         )
UNITED STATES OF AMERICA,                )
                                         )
                   Respondent.           )

**Order Denying Motion to Vacate, Set Aside, or Correct Sentence
and Denying Certificate of Appealability**

Petitioner Jamel H. Brown ("Mr. Brown") seeks relief from his convictions in No. 1:11-cr-00202-SEB-TAB-1. Mr. Brown does so after having previously challenged his convictions, pursuant to 28 U.S.C. § 2255, in *Brown v. United States*, No. 1:14-cv-00606-SEB-MPB, which action was decided on the merits.

Because Mr. Brown's prior § 2255 petition was denied on the merits, the instant § 2255 petition is successive and must be summarily dismissed for lack of jurisdiction. The Seventh Circuit has explained:

> The Antiterrorism and Effective Death Penalty Act requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255. See 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "No matter how powerful a petitioner's showing, only [the appellate] court may authorize the commencement of a second or successive petition. . . . From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991 (emphasis in original).

*Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018).

1

Here, Mr. Brown has not obtained the requisite appellate authorization to bring a successive § 2255 petition. Accordingly, this action is hereby **dismissed for lack of jurisdiction**. Judgment consistent with this entry shall now issue, and **a copy of this entry shall be docketed** in No. 1:11-cr-00202-SEB-TAB-1. The Motion to Vacate, Crim. Dkt. [112], shall also be **terminated** in the underlying criminal action.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Brown has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date:

_____5/28/2026_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMEL H. BROWN
10253-028
LEE - USP
LEE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 305
JONESVILLE, VA 24263

2